RECEIVED

Clerk's Office
USDC, Mass.
Date ____2/22/05____
By ____M.P____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12098

| | |
|---|---|
| GREGORY F. SANKEY,<br>Plaintiff<br><br>v.<br><br>THE SHAW GROUP, INC. and<br>STONE & WEBSTER, INC.,<br>Defendants | **DEFENDANTS'**<br>**ANSWER TO AMENDED**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY** |

NOW COME the Defendants, The Shaw Group, Inc. ("Shaw") and Stone & Webster, Inc. (individually, "S&W," collectively with Shaw, the "Defendants") by and through their attorneys, Nelson, Kinder, Mosseau & Saturley, P.C., and answer the Plaintiff, Gregory F. Sankey's ("Sankey") Amended Complaint as follows:

INTRODUCTION

The "Introduction" section of Sankey's Amended Complaint is argumentative and therefore, requires no response. To the extent that any response is required, the Defendants deny any factual allegations contained therein.

**PARTIES**

1.      The Defendants are without sufficient knowledge to admit or deny the allegations contained in ¶1 of the Amended Complaint

2.      The Defendants admit the allegations contained in ¶2 of the Amended Complaint.

3.      The Defendants admit the allegations contained in ¶3 of the Amended Complaint.

4.      ¶4 of the Amended Complaint does not contain any factual assertions, and accordingly, no response is required.

## JURISDICTION

5.      ¶5 of the Amended Complaint contains conclusions of law, to which no response is required.  To the extent that any response is required, the Defendants deny those factual allegations contained within ¶5 of the Amended Complaint.  By way of further answer, the Defendants do not contest the jurisdiction of this Court; however, the Defendants deny that they conducted any business or transactions which "critically impaired the rights and opportunities" of the Plaintiff.

## BACKGROUND HISTORY AND STATEMENT OF FACTS

6.      The Defendants admit the allegations contained in ¶6 of the Amended Complaint.

7.      The Defendants admit the allegations contained in ¶7 of the Amended Complaint.

8.      The Defendants admit the allegations contained in ¶8 of the Amended Complaint.

9.      The Defendants admit the allegations contained in ¶9 of the Amended Complaint.

10.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in ¶10 of the Amended Complaint.

11.     The Defendants admit the allegations contained in the first and second sentences of ¶11 of the Amended Complaint.  The Defendants admit those allegations contained in the remaining sentences of ¶11 of the Amended Complaint to the extent that they allege that Horst and Sankey discussed Sankey's interest in working for S&W; however, the Defendants deny that Horst made any express or implied offer or promise of future employment to Sankey.

2

12.     The Defendants admit the allegations contained in the first and second sentences of ¶12 of the Amended Complaint. The Defendants admit those allegations contained in the remaining sentences of ¶12 of the Amended Complaint to the extent that they allege that Horst and Sankey discussed Sankey's interest in working for S&W; however, the Defendants deny that Horst made any express or implied offer or promise of future employment to Sankey.

13.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in ¶13 of the Amended Complaint

14.     The Defendants admit the factual allegations contained in the first sentence of ¶14 of the Amended Complaint, to the extent that it asserts that Sankey and Horst met in Stoughton in early October, and that Horst and Sankey discussed the parameters of Sankey's possible compensation, were S&W to extend an offer to Sankey. By way of the further answer, the Defendants deny that Horst extended any offer or entered into any agreement at that meeting. The Defendants admit the allegations contained in the second and third sentences of ¶14 of the Amended Complaint. The Defendants deny the allegations contained in the fourth sentence of ¶14 to the extent that it asserts or implies that the Defendants extended any offer to Sankey. The Defendants admit the allegations contained in the fifth sentence of ¶14 to the extent they assert that Sankey informed that he had a meeting scheduled with Jacobs; however, the Defendants deny the remainder of the fifth sentence to the extent that it asserts or implies that the Defendants extended any offer to Sankey.

15.   The Defendants are without sufficient knowledge to admit or deny the allegations contained in ¶15 of the Amended Complaint.

16.   The Defendants admit the allegations contained in ¶16 of the Amended Complaint.

17.   The Defendants admit the allegations contained in the first sentence of ¶17 of the Amended Complaint.   The Defendants deny the allegations contained in the second sentence of ¶17 of the Amended Complaint.

18.   The Defendants admit the allegations contained in the first sentence of ¶18.   The Defendants deny the allegations contained in the second sentence of ¶18 of the Amended Complaint.   The Defendants admit those allegations contained in the third sentence of ¶18 of the Amended Complaint to the extent that they allege that Horst agreed to forward a draft letter to Sankey; however, the Defendants deny that the Defendants promised to make any offer of employment to Sankey.   The Defendants deny those allegations contained in the fourth sentence of ¶18 of the Amended Complaint.   By way of further answer, the Defendants assert that Horst and Rhodes discussed Sankey's potential salary, but never agreed to extend an offer to Sankey or to hire Sankey for any position.   The Defendants admit the allegations contained in the fifth sentence of ¶18 of the Amended Complaint.   The Defendants admit the allegations contained in the sixth sentence of ¶18 of the Amended Complaint to the extent that it asserts that Horst and Sankey discussed Sankey's potential salary in the event that the Defendants agreed to extend an offer of employment.   The Defendants deny that they agreed to extend such an offer or to pay Sankey an annual salary of $192,000.

19.    The Defendants admit that Sankey sent an email to Horst on October 28, 2001. The Defendants are without sufficient knowledge to admit or deny Sankey's purpose for sending such email.

20.    The Defendants admit the allegations contained in ¶20 of the Amended Complaint to the extent that it asserts that Horst and Sankey discussed Sankey's potential salary in the event that the Defendants agreed to extend an offer of employment. The Defendants deny that they agreed to extend such an offer or to pay Sankey an annual salary of $185,000.

21.    The Defendants deny the allegations contained in ¶21 of the Amended Complaint.

22.    The Defendants admit the allegations contained in the first sentence of ¶22 of the Amended Complaint to the extent that it asserts that Horst sent an unsigned draft letter to Sankey; however, the Defendants deny that such draft letter constituted an offer or that the Defendants had agreed to abide by its terms. By way of further answer, the Defendants assert that Horst forwarded the draft letter so that he and Sankey could agree upon parameters which the Defendants would use in the event that they elected to issue an offer to Sankey. The Defendants chose not to make such election and did not issue a signed offer letter to Sankey. The Defendants admit the allegations contained in the second and third sentences of ¶22 of the Amended Complaint to the extent that they assert that Sankey reviewed and corrected the draft letter. The Defendants deny that they ever agreed to pay any "sign-on bonus" to Sankey.

23.    The Defendants admit the allegations contained in ¶23 of the Amended Complaint to the extent that they assert that the parties continued to alter the terms of the

draft letter. The Defendants deny the remaining allegations contained in ¶23 of the Amended Complaint to the extent that they assert that the Defendants had reached an agreement with Sankey and to the extent that Sankey attempts to characterize the document attached as Exhibit 4, as the terms of such document speak for themselves.

24.   The Defendants admit the allegations contained in ¶24 of the Amended Complaint to the extent that they assert that Sankey and Horst communicated concerning the "job vehicle" that would be considered, should the Defendants choose to extend a job offer to Sankey; however, the Defendants deny the allegations contained in ¶24 of the Amended Complaint to the extent that they allege that the Defendants promised to make an offer or to provide a job vehicle to Sankey. The Defendants further deny that they agreed to enter into an employment contract with Sankey.

25.   The Defendants deny the first sentence of ¶25 to the extent that it asserts that Horst made any promises to Sankey. The Defendants admit the allegations contained in the second sentence of ¶25 of the Amended Complaint.

26.   The Defendants admit the allegations contained in the first sentence of ¶26 of the Amended Complaint. The Defendants admit the allegations contained in ¶26 of the Amended Complaint.

27.   The Defendants admit that Horst spoke with Sankey on or about November 14, 2001 and that Horst informed Sankey that he did not have approval yet from Baton Rouge to make any offer to Sankey. The Defendants deny the remaining allegations contained in ¶27 of the Amended Complaint.

28. The Defendants admit the allegations contained in ¶28 of the Amended Complaint to the extent that it alleges that Horst left a message on Sankey's answering machine at some point in the fall of 2001. The Defendants deny the remaining allegations contained in ¶28 of the Amended Complaint.

29. The Defendants deny the allegations contained in ¶29 of the Amended Complaint.

30. The Defendants deny the allegations contained in ¶30 of the Amended Complaint. By way of further answer, the Defendants deny that Horst promised or agreed to make any offer or to issue any offer letter to Sankey on the Defendants' behalf.

31. The Defendants admit the allegations contained in ¶31 of the Amended Complaint to the extent that it alleges that Sankey sent an email to Horst. By way of further answer, the Defendants deny that they had agreed to employ Sankey and deny that Sankey suffered any damages, economic or otherwise, as a result of his negotiations and discussions with the Defendants.

32. The Defendants admit the allegations contained in the first sentence of ¶32 of the Amended Complaint. The Defendants admit the allegations contained in the second and third sentences of ¶32 of the Amended Complaint to the extent that it purports to summarize a conversation between Sankey and Horst. The Defendants are without sufficient knowledge to admit or deny the date that such conversation occurred.

33. The Defendants admit the allegations contained in the first sentence of ¶33 of the Amended Complaint to the extent that they allege that Sankey sent a letter to Rhodes, and that Exhibit 15A is a true and accurate copy of such letter. The Defendants deny that the contents of such letter are accurate. The Defendants are

without sufficient knowledge to admit or deny the allegations contained in the second sentence of ¶33 of the Amended Complaint.

34. The Defendants admit the allegations contained in ¶34 of the Amended Complaint to the extent that they allege that Rhodes sent a letter to Sankey, and that Exhibit 16 is a true and accurate copy of such letter.

35. The Defendants admit the allegations contained in ¶35 of the Amended Complaint to the extent that it alleges that Sankey's Attorney sent a letter to Rhodes, and that Exhibit 17 is a true and accurate copy of such letter. The Defendants deny that the contents of such letter are accurate. The Defendants further deny that they promised any written response to the letter. By way of further answer, the Defendants note that Attorney Froio's letter restated the allegations and demands asserted Sankey's previous letter and does not conform to the requirements of M.G.L. c. 93A.

36. The Defendants deny the allegations contained in ¶36 of the Amended Complaint.

37. The Defendants deny the allegations contained in ¶37 of the Amended Complaint.

38. The Defendants are without sufficient knowledge to admit or deny the allegations contained in ¶38 of the Amended Complaint.

39. The Defendants are without sufficient knowledge to admit or deny the allegations contained in ¶39 of the Amended Complaint.

40. The Defendants are without sufficient knowledge to admit or deny the allegations contained in ¶40 of the Amended Complaint.

41. The Defendants are without sufficient knowledge to admit or deny the allegations contained in ¶41 of the Amended Complaint.

42.     The Defendants deny the allegations contained in ¶42 of the Amended Complaint.

43.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in ¶43 of the Amended Complaint.

## COUNT I – DECEIT/FRAUD

44.     The Defendants repeat and reallege their answers to paragraphs 1 through 43 as if each were alleged separately.

45.     The Defendants deny the allegations contained in ¶45 of the Amended Complaint.

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY DAMAGES THEREFOR.

## COUNT II – NEGLIGENT MISREPRESENTATION

46.     The Defendants repeat and reallege their answers to paragraphs 1 through 45 as if each were alleged separately.

47.     The Defendants deny the allegations contained in ¶47 of the Amended Complaint.

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY DAMAGES THEREFOR.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

48.     The Defendants repeat and reallege their answers to paragraphs 1 through 47 as if each were alleged separately.

49.     Count III of the Amended Complaint has been dismissed, and accordingly, the Defendants need not respond to this paragraph.

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY DAMAGES THEREFOR.

## COUNT IV – UNLAWFUL/TORTIOUS INTERFERENCE WITH ADVANTAGEOUS OR CONTRACTUAL RELATIONSHIP

50.    The Defendants repeat and reallege their answers to paragraphs 1 through 49 as if each were alleged separately.

51.    The Defendants deny the allegations contained in ¶51 of the Amended Complaint.

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY DAMAGES THEREFOR.

## COUNT V – CIVIL CONSPIRACY

52.    The Defendants repeat and reallege their answers to paragraphs 1 through 51 as if each were alleged separately.

53.    The Defendants deny the allegations contained in ¶53 of the Amended Complaint.

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY DAMAGES THEREFOR.

## COUNT VI – BREACH OF CONTRACT

54.    The Defendants repeat and reallege their answers to paragraphs 1 through 53 as if each were alleged separately.

55.    The Defendants deny the allegations contained in ¶55 of the Amended Complaint.

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY DAMAGES THEREFOR.

## COUNT VII - NEGLIGENCE

56.    The Defendants repeat and reallege their answers to paragraphs 1 through 55 as if each were alleged separately.

57.    The Defendants deny the allegations contained in ¶57 of the Amended Complaint.

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY DAMAGES THEREFOR.

## COUNT VIII – BREACH OF THE IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING

58.    The Defendants repeat and reallege their answers to paragraphs 1 through 58 as if each were alleged separately.

59.    The Defendants deny the allegations contained in ¶59 of the Amended Complaint.

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY DAMAGES THEREFOR.

## COUNT IX – VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT, MASSACHUSETTS GENERAL LAWS CHAPTER 12 §§ 11 H & I

60.    The Defendants repeat and reallege their answers to paragraphs 1 through 59 as if each were alleged separately.

61.    Count IX of the Amended Complaint has been dismissed, and accordingly, the Defendants need not respond to this paragraph.

11

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY DAMAGES THEREFOR.

### COUNT X – PROMISSORY ESTOPPEL

62.    The Defendants repeat and reallege their answers to paragraphs 1 through 61 as if each were alleged separately.

63.    The Defendants deny the allegations contained in ¶63 of the Amended Complaint.

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY DAMAGES THEREFOR.

### COUNT XI – ECONOMIC DURESS

64.    The Defendants repeat and reallege their answers to paragraphs 1 through 63 as if each were alleged separately.

65.    Count XI of the Amended Complaint has been dismissed, and accordingly, the Defendants need not respond to this paragraph.

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY DAMAGES THEREFOR.

### COUNT XII – UNFAIR AND DECEPTIVE BUSINESS CONDUCT PURSUANT TO MASSACHUSETTS GENERAL LAWS CHAPTER 93a, §§ 2 & 11, INTER ALIA

66.    The Defendants repeat and reallege their answers to paragraphs 1 through 66 as if each were alleged separately.

67.    Count XI of the Amended Complaint has been dismissed, and accordingly, the

Defendants need not respond to this paragraph.

WHEREFORE, THE DEFENDANTS DENY THAT THE PLAINTIFF IS
ENTITLED TO JUDGMENT OR THAT THE PLAINTIFF IS ENTITLED TO ANY
DAMAGES THEREFOR.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences
alleged have been accorded and satisfied.

### SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences
alleged were the results of risks assumed by the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences
alleged are barred by estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences
alleged are barred by a failure of consideration.

### FIFTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences
alleged are barred by the statute of frauds.

### SIXTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the subject matter of the transactions and occurrences alleged are the result of mutual mistake.

## NINTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the plaintiff's failure to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of plaintiff is greater than the negligence of the defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the defendant.

## TWELTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

14

The defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

## DEFENDANT'S DEMAND FOR TRIAL BY JURY

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, RULE 38, THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY OF ALL ISSUES IN THIS ACTION TRIABLE OF RIGHT BY A JURY.

Respectfully submitted,

THE SHAW GROUP, INC. and STONE & WEBTER, INC.

By its attorneys:

Richard C. Nelson, Esquire (BBO # 653790)
Kenneth E. Rubinstein, Esquire (BBO # 641226)
Nelson, Kinder, Mosseau & Saturley, P.C.
99 Middle Street
Manchester, NH  03101
(603) 647-1800

## CERTIFICATE OF SERVICE

I, Kenneth E. Rubinstein, Esquire, hereby certify that the foregoing Motion to Dismiss was this day forwarded to Anthony R. Bott, Esquire, 8 Beach Road, P.O. Box 1137, East Orleans, Massachusetts 02643, Counsel for Gregory Sankey.

Dated: February 22, 2005                  By: _____
                                          Kenneth E. Rubinstein, Esquire

15