UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12098

| | |
|---|---|
| GREGORY F. SANKEY,<br>Plaintiff<br><br>v.<br><br>THE SHAW GROUP, INC. and<br>STONE & WEBSTER, INC.,<br>Defendants | JOINT STATEMENT, DISCOVERY<br>PLAN, AND INITIAL SCHEDULING<br>CONFERENCE AGENDA |

The Plaintiff, Gregory F. Sankey, and the Defendants, The Shaw Group, Inc. ("Shaw") and Stone & Webster, Inc. (individually, "S&W," collectively with Shaw, the "Defendants") hereby provide this Joint Statement, Discovery Plan, and Initial Scheduling Conference Agenda pursuant to FRCP 16, 26(f) and Local Rule 16.1.

## JOINT STATEMENT AND SCHEDULING ORDER

A.   Plaintiff's Theory of Liability

The Plaintiff contends that S&W offered him a lucrative at-will position as a Vice President, and that the Plaintiff turned down another employment opportunity in reliance upon this offer. The Plaintiffs' Amended Complaint contains counts for (a) Deceit/Fraud; (b) Negligent Misrepresentation; (c) Tortious Interference with Contractual Relations; (d) Civil Conspiracy; (e) Breach of Contract; (f) Negligence; (g) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (h) Promissory Estoppel.

B.  Defendants' Theory of Liability

S&W denies that it made any offer, and contends that even if it made such an offer, Sankey did not incur any compensable damages as a result. S&W further contends that Sankey could not have reasonably relied upon any expectation of continued employment, given the at-will nature of the prospective position.

C.  DAMAGES:

The Plaintiff contends that he has incurred economic damages in the amount of $1,750,000 and emotional and psychological pain and suffering in the amount of $250,000 as a result of S&W's conduct.

D.  DEMAND:

The Plaintiff has demanded $2,000,000 to settle this case.

E.  OFFER:

The Defendants have conferred with counsel regarding the above referenced Demand.

F.  JURISDICTIONAL QUESTIONS:

The parties are unaware of any jurisdictional questions at this time.

G.  QUESTIONS OF LAW:

The parties believe that the following issues are questions of law which may be addressed through dispositive motions or otherwise.

    (1) Whether a Plaintiff claiming to have been hired under an at-will employment contract is barred from seeking contract damages for lost wages.

(2)   Whether a Plaintiff claiming to have received an offer of employment for an at-will position is barred from claiming reasonable reliance on that offer and resulting damages.

(3)   Whether Massachusetts recognizes a cause-of-action for negligence and/or negligent misrepresentation arising out of an offer of employment.

(4)   Both parties reserve the right to move for appropriate relief and to brief and argue the above-referenced questions of law, as well as other questions of law as they become known.

H.   TYPE OF TRIAL:

Both the Plaintiff and Defendants demand a jury trial before a presiding judge.

## DISCOVERY

A.   TRACK ASSIGNMENT:

The parties jointly propose that this case be placed on the standard track, contemplating a trial approximately twelve (12) months from the date scheduled for the Preliminary Pretrial Conference.

B.   DISCOVERY NEEDED:

The parties anticipate that discovery will be needed on the following subjects: (a) facts regarding the parties discussions concerning Sankey's potential employment; (b) facts regarding Sankey's reasonableness in declining other employment in reliance upon those discussions; and (c) facts regarding the alleged damages claimed by Sankey.

C.   MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):

Based upon the parties' agreement to abide by the terms described herein, the parties have agreed that neither party needs to make these initial disclosures. The parties agree to proceed with normal discovery pursuant to the deadlines set forth in this Discovery Plan.

D.   COMPLETION OF DISCOVERY:

All discovery shall be commenced in time to be completed by December 1, 2005. The parties do not believe that a separate date is necessary in this case for early discovery issues.

E.   INTERROGATORIES:

A maximum of twenty (20) interrogatories and twenty (20) document requests shall be given by each party to the other party. Responses are due thirty (30) days after service. Upon leave of the Court, for good cause shown, any party may serve additional interrogatories or document requests.

F.   REQUESTS FOR ADMISSION:

A maximum of twenty (20) requests for admission by any party to any other party. Responses are due thirty (30) days after service.

G.   DEPOSITIONS:

A maximum number of five (5) depositions by the Plaintiff and five (5) depositions by the Defendants. Each deposition shall be limited to a maximum of eight (8) hours unless otherwise extended by agreement of the parties. Upon leave of the Court, for good cause shown, any party may take additional depositions or seek additional hours for the deposition examination, over the agreed upon eight hour limit.

H.  DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:

Sankey shall forward expert disclosures and reports to S&W by July 1, 2005.

S&W shall forward expert disclosures and reports to Sankey by September 1, 2005.

Sankey shall forward all rebuttal expert disclosures and reports to S&W by October 1, 2005.

S&W shall forward all rebuttal expert disclosures and reports to Sankey by November 1, 2005.

Disclosures to follow Rule 26(a)(2)(b) of the Federal Rules of Civil Procedure. Supplementation under Fed. R. Civ. P. 26(e) due from Sankey by November 1, 2005 and from S&W by December 1, 2005.

I.  CHALLENGES TO EXPERT TESTIMONY:

The parties shall make challenges to expert testimony by no later than forty-five (45) days prior to trial.

OTHER ITEMS

A.  JOINDER OF ADDITIONAL PARTIES:

Sankey is allowed until May 1, 2005 to join additional parties. S&W is allowed until June 1, 2005 to join additional parties.

B.  THIRD-PARTY ACTIONS:

Any third party actions must be filed by June 1, 2005.

C.   AMENDMENT OF PLEADINGS:

Sankey is allowed until June 1, 2005 to amend his pleadings. S&W is allowed until July 1, 2005 to amend its pleadings. To the extent the pleadings filed by either Sankey or S&W raise additional causes of action, the defending party shall be afforded 45 days after the allowance of any such amendment to file a motion to dismiss any new cause of action.

D.   DISPOSITIVE MOTIONS:

All dispositive motions shall be filed by January 1, 2006.

E.   SETTLEMENT POSSIBILITIES:

The possibility of settlement in this case is uncertain, but the possibility of settlement may be enhanced by mediation or other alternative dispute resolution following the completion of discovery.

F.   JOINT STATEMENT REGARDING MEDIATION:

A joint statement regarding the suitability of this case for mediation shall be filed with the Court by July 1, 2005.

G.   WITNESSES AND EXHIBITS:

Witness and Exhibits Lists shall be due ten (10) days before the final pretrial conference.

H.   TRIAL ESTIMATE:

The parties estimate a five (5) to ten (10) day trial.

I.   TRIAL DATE:

This case should be ready for trial by April 1, 2006.

J.  PRELIMINARY PRETRIAL CONFERENCE:

Counsel for Sankey and S&W shall attend a Preliminary Pretrial Conference before Judge Zobel on March 16, 2005 at 2pm.

K.  CERTIFICATION OF COUNSEL

Each party has conferred with its counsel with a view toward establishing a budget for the costs of conducting the full course – and the various alternate courses – of the litigation and to discuss ADR.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| THE SHAW GROUP, INC. and STONE & WEBTER, INC. | Gregory F. Sankey |
| By its attorneys: | By his attorneys: |
| Richard C. Nelson, Esq. (BBO # 653790)<br>Kenneth E. Rubinstein, Esq. (BBO # 641226)<br>Nelson, Kinder, Mosseau & Saturley, P.C.<br>99 Middle Street<br>Manchester, NH  03101<br>(603) 647-1800 | Anthony J. Bott, Esq.<br>Anthony J.Bott, PC<br>Eight Beach Road<br>PO Box 1137<br>East Orleans, MA 02643<br>508-240-2700 |

Dated: March 11, 2005